**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

ZACHARY KAHN,

Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD. D/B/A ROYAL CARIBBEAN INTERNATIONAL,

Defendant.

Civil No.: ___________________

**DEFENDANT ROYAL CARIBBEAN CRUISES LTD.'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Royal Caribbean Cruises Ltd. ("Royal Caribbean" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby gives notice of the removal of the action from the Circuit Court of Maryland for Baltimore City (the "State Court"), captioned *Kahn v. Royal Caribbean Cruises Ltd. d/b/a Royal Caribbean International*, Case Number C-24-CV-26-004829 (the "State Court Action") to the United States District Court for the District of Maryland, Northern Division.

## I. INTRODUCTION

1. This Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 and this Court has jurisdiction under the Class Action Fairness Act ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d) and 1453, because it is a proposed class action in which the putative class is alleged to include more than 100 members, diversity exists amongst the parties, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

2. As set forth below, jurisdiction within the District of Maryland is proper on the grounds herein described and the action is timely and properly removed upon the filing of this Notice.

3. On July 14, 2026, Plaintiff Zachary Kahn ("Plaintiff"), individually and on behalf of all others similarly situated, filed the State Court Action. Plaintiff served the Summons and Complaint on Defendant on July 20, 2026, by traceable mail (United States Postal Service certified mail, restricted delivery) on The Corporation Trust, Incorporated, Defendant's resident agent, at 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093-2264. A true and correct copy of the Complaint, Summons, and additional documents that were served on Defendant are attached hereto as **Exhibit A**.

4. In Plaintiff's Complaint, styled as a class action, Plaintiff brings claims under Maryland's Commercial Electronic Mail Act ("MCEMA"), Md. Code Ann., Com. Law §§ 14-3002(b)(2)(iii) and 14-3003. Plaintiff alleges that Defendant violated MCEMA by sending Maryland residents promotional emails with subject lines containing false or misleading information, including false claims of urgency that promotions were ending. (Compl. at ¶ 23.) Specifically, Plaintiff alleges that he received and retained promotional emails from Defendant - including a November 17, 2024 email with the subject line "Early access savings ENDS TOMORROW - Up to $750 and more!" for a holiday-sale campaign followed by five other emails dated November 25, November 28, November 30, December 6, and December 8, 2024 which either allegedly contain an additional deadline representation or "extension evidence" related to the same holiday sale campaign. (Compl. at ¶ 30.) Plaintiff alleges these emails are "representative" of Defendant's deceptive and unlawful commercial email marketing to Maryland consumers, and that Defendant "used the same deadline-followed by-extension structure in other

Royal Caribbean campaigns during the class period." (Compl. at ¶ 39.) Plaintiff cites a further commercial email dated November 19, 2024 stating "[EXTENDED] Kick off your next adventure with Early Black Friday savings – up to $750 OFF!" that Plaintiff alleges his counsel found, that allegedly shows the holiday promotion sale identified in the November 17, 2024 email was extended. (*Id.* at ¶ 34.)

5. The proposed class consists of "All persons in Maryland who, within three years before the filing of this action through the date of class notice, received one or more commercial electronic mail messages from Royal Caribbean containing a subject line that stated or implied that a cruise promotion, fare, discount, onboard-credit offer, kids-sail-free offer, instant-savings opportunity, sale, price, promotion, or other commercial offer was ending, expiring, in its final hours, ending that night, ending the next day, in its last chance or early-access period, or otherwise time-limited, when the same or materially similar offer was extended, continued, reinstated, or materially replicated shortly thereafter." (*Id.* at ¶ 64.)

## II. THE REQUIREMENTS FOR CAFA REMOVAL ARE SATISFIED

6. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d) and 1453. Under CAFA, a district court shall have original jurisdiction over any putative civil class action in which it is alleged: (1) there are at least 100 members in all proposed putative classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2) & (5). *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.").

7. This case is removable under 28 U.S.C. §§ 1441(a) and 1453(b) because it meets the requirements of CAFA. There is no presumption against the removal of cases under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). A defendant's notice of removal under CAFA need only contain a short and plain statement of the grounds for removal. *Id.* at 83–87.

**A. The Number of Proposed Class Members Exceeds 100**

8. The Complaint alleges that the proposed class is "so numerous that joinder of all members is impracticable" and that Defendant sent challenged emails as "standardized mass-marketing campaigns to consumers, including Maryland consumers" for three years before the filing of the action (Compl. at ¶¶ 64, 66.) Additionally, Defendant provides the Declaration of Elías A. López at Royal Caribbean Cruises Ltd., declaring that "Royal Caribbean's marketing list contained well over 10,000 individuals with Maryland mailing addresses, who would have received email marketing sent by Royal Caribbean during this period." Declaration of Elías A. López ("López Declaration"), attached hereto as **Exhibit B**. The López Declaration coupled with the Complaint's allegations of mass email marketing to Maryland consumers and that the "Class is so numerous that joinder of all members is impracticable," (Compl. at ¶ 66), the putative class plausibly exceeds 100 members.

**B. The Amount in Controversy Exceeds $5,000,000**

9. Under CAFA, the claims of individual class members are aggregated to determine whether the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2), (d)(6); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 591 (2013).

10. Defendant denies Plaintiff's substantive allegations, the appropriateness of class treatment, and that Plaintiff is entitled to any of the relief sought in the Complaint, and Defendant does not waive any defense with respect to any of Plaintiff's claims. Nonetheless, the amount in controversy is determined by assuming judgment will issue in favor of a plaintiff on all claims made in their complaint. *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) ("The key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but 'an estimate of the amount that will be put at issue in the course of the litigation.'") (internal citations omitted).

11. Further, CAFA's legislative history indicates that even if the Court "is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Report on the Class Action Fairness Act of 2005, S. Rep. 109-14, at 42 (2005); *see also Dart Cherokee*, 574 U.S. at 87 ("the amount-in-controversy allegation of a defendant seeking federal court adjudication should be accepted when not contested by the Plaintiffs or questioned by the court").

12. Plaintiff seeks to recover, among other things, statutory damages pursuant to MCEMA of $500 per violation for Plaintiff and members of the class, which Plaintiff claims means $500 per violative commercial email, per recipient. (Compl. at ¶ 87; Prayer for Relief.) Based on the allegations set forth in Plaintiff's Complaint that Defendant sent the challenged commercial emails as "standardized mass-marketing campaigns to consumers, including Maryland consumers" for three years before the filing of the action (Compl. at ¶¶ 64, 66), that Defendant sent at least six commercial emails to Plaintiff about holiday-sales that had various roles (either a deadline representation, campaign launch, or "extension evidence") and that

Defendant "used the same deadline-followed by-extension structure in other Royal Caribbean campaigns during the Class period" (Compl. at ¶ 39), the amount in controversy is easily satisfied. Indeed, if just 10,000 individuals with Maryland mailing addresses received the same six emails that Plaintiff complains of in his Complaint, as the López Declaration states, the amount in controversy would be $30,000,000 ($500 per email x 6 emails x 10,000 class members). Even if just 10,000 members received *only two* allegedly violative emails (since Plaintiff alleges in paragraph 31 of his Complaint that not every one of the six identified emails independently violates Maryland law), the amount in controversy would be at least $10,000,000.

13. Plaintiff's request for attorneys' fees and costs (*Id.* at ¶ 85; Prayer for Relief) pushes the amount in controversy even further above the $5,000,000 minimum. *See*, *e.g.*, *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013) ("Generally, attorney's fees are not included in the amount-in-controversy calculation, but courts have created two exceptions to this rule: (1) if the fees are provided for by contract; or (2) if a statute mandates or allows payment of attorney's fees.") (citations and quotations omitted). Even a 10% recovery of the minimum statutory damages would put an additional $500,000 in controversy.

**C. Minimal Diversity Exists**

14. Diversity exists for purposes of removal under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "[T]he term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

15. **Plaintiff's Citizenship**. The Complaint alleges that at all relevant times, Plaintiff was and is a citizen of Maryland domiciled in Baltimore City, Maryland, where he has lived since

February 2018. (Compl. at ¶¶ 8–10.) It also alleges that the putative class members are "All persons in Maryland" who received Defendant's commercial electronic mail. (*Id.* at ¶ 64.)

16. **Defendant's Citizenship**. For purposes of CAFA and removal, under 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. Royal Caribbean Cruises Ltd. is a Liberian corporation organized under the laws of Liberia, with its principal place of business at 1050 Caribbean Way, Miami, Florida 33132. (*Id.* at ¶¶ 13-14.) Accordingly, Defendant is a citizen of Liberia and Florida and is not a citizen of Maryland. Defendant is registered to do business in Maryland as a foreign corporation under Maryland Department ID Number F10088102, and its resident agent is The Corporation Trust, Incorporated, 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093-2264. (*Id.* at ¶ 14.) López Declaration, Exhibit B, ¶ 5.

17. There is diversity in accordance with 28 U.S.C. § 1332(d) because at all relevant times Defendant is and was a citizen of Liberia and Florida and is not a citizen of Maryland. Plaintiff and the putative class members are alleged to be citizens of Maryland, and therefore at least one defendant is a citizen of a foreign state and a State different from at least one member of the putative class of plaintiffs. *See* 28 U.S.C. § 1332(d)(2)(A).

**D. No CAFA Exceptions Apply**

18. This action does not fall within any of the exclusions to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiff bears the burden of proving otherwise. *See Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 681 (4th Cir. 2018); *Carter v. Allstate Ins. Co.*, No. 5:12-CV-72, 2012 WL 3637239, at *6 (N.D. W. Va. Aug. 21, 2012) ("A plaintiff seeking

remand pursuant to a CAFA exception must prove by a preponderance of the evidence that the particular exception applies.").

## III. ALL OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

19. Venue in this Court is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place in which the State Court Action was pending, Baltimore City, which is in the Northern Division of the District of Maryland.

20. This Notice of Removal is timely because it is filed on August 19, 2026, within thirty days of July 20, 2026, the date on which Defendant was served the Summons and Complaint. The thirty-day period expires on August 19, 2026. 28 U.S.C. § 1446(b).

21. Pursuant to 28 U.S.C. § 1446(a), and Local Rule 103.5 a copy of the Summons, Complaint, and all other documents served on Defendant are attached as Exhibit A. The State Court Action docket is attached hereto as **Exhibit C**.

22. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and all documents in support thereof are concurrently being filed with the Clerk of the Circuit Court for Baltimore City. Written notice of the filing of this Notice of Removal is being served upon counsel for Plaintiff. A true and correct copy of the Notice to State Court of Notice of Filing Removal, without attachments, is attached hereto as **Exhibit D**.

## IV. CONCLUSION

Defendant respectfully submits that the above case now pending in the Circuit Court for Baltimore City, Maryland be removed therefrom to this Honorable Court.

Dated: August 19, 2026

Respectfully submitted,

/s/ ____________________________

Angela D. Pallozzi
Federal Bar No. 18065
BALLARD SPAHR LLP
111 South Calvert Street, 27th Floor
Baltimore, Maryland 21202
Tel.: (410) 528-5600
Fax: (410) 528-5650
pallozzia@ballardspahr.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of August, 2026, a copy of the foregoing Defendant Royal Caribbean Cruises Ltd.'s Notice of Removal was served via first-class mail, postage prepaid, upon the following:

Vaughn Stewart
COULSON P.C.
300 River Place Dr., Ste. 1700
Detroit, MI 48207
vstewart@coulsonpc.com

*Counsel for Plaintiff*

/s/ ___________________________
Angela D. Pallozzi